**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF MISSISSIPPI**
**OXFORD DIVISION**

CAROLYN ANDREWS WEBB, as natural
parent, guardian, and next friend of J.J.A.                                    **PLAINTIFF**

VS.                                                           **CIVIL ACTION NO.: 3:15-cv-197-MPM-JMV**

SOUTH PANOLA SCHOOL DISTRICT,
TIM WILDER, individually and in his
official capacity as Superintendent of South
Panola School District, CHARLES
STEVENSON, individually and in his
official capacity as Principal of Batesville
Junior High School, BRITTANY NAVARRO,
individually and in her official capacity as
Choir Teacher at Batesville Junior High School                              **DEFENDANTS**

## ORDER TO SHOW CAUSE

This matter is before the court, *sua sponte*, to dismiss this cause of action for lack of federal jurisdiction as explained hereafter.[1] Such dismissal may be avoided by an amendment of the pleadings within seven (7) days of this order, asserting an appropriate basis for federal court jurisdiction.

To the extent Plaintiff attempts to assert jurisdiction on the basis of diversity of citizenship under 28 U.S.C. § 1332, such attempt is inadequate because the complaint does not adequately identify the citizenship of all of the parties. "The party asserting diversity jurisdiction must 'distinctly and affirmatively allege[ ]' the citizenship of the parties." *Molina v. Wal-Mart Stores Texas, L.P.*, 535 F.Supp.2d 805, 807 (W.D. Tex. 2008) (citing *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 919 (5th Cir. 2001)).

---

[1] Although Defendants have not argued a failure in this respect, the court must make an independent inquiry into its jurisdiction. *Grupo Dataflux v. Atlas Global Group, L.P.*, 541 U.S. 567, 593 (2004) (Ginsburg, J., dissenting) (citing *Bender v. Willamsport Area Sch. Dist.*, 475 U.S. 534, 541 (1986)) ("[I]t is the obligation of both district court and counsel to be alert to jurisdictional requirements.").

In the complaint, Plaintiff states that "Carolyn Andrews Webb, is the natural mother of J. J. A., who was a seventh (7th) grade female student attending Batesville Junior High School . . . at the time of the incident." While the Plaintiff asserts throughout its complaint that complete diversity exists under 28 U.S.C. § 1332, the Plaintiff fails to plead the citizenship of all of the parties, including the minor, at the time of filing suit under applicable law. "The burden of pleading the diverse citizenship is upon the party invoking federal jurisdiction." *Mas v. Perry*, 489 F.2d 1396, 1399 (5th Cir. 1974). "For diversity purposes, citizenship means domicile; mere residence in the State is not sufficient." *Id.*

Plaintiff has failed to adequately plead citizenship; thus, it does not appear on the face of the complaint that this court has subject matter jurisdiction. As noted, this defect may be corrected by the filing, within seven (7) days of this order, of an amended pleading asserting the citizenship of all of the parties, including that of the minor on whose behalf suit is brought, as of when the suit was filed. Failure to do so will result in the court dismissing the complaint for lack of subject matter jurisdiction.

**SO ORDERED** this, the 18th day of November, 2015.

/s/Jane M. Virden
**UNITED STATES MAGISTRATE JUDGE**